UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VANJE WRAY, | § |
| | § |
| Plaintiff, | § Civil Action No. |
| | § |
| v. | § |
| | § **Jury Trial Demanded** |
| SIRIUS XM RADIO, INC., | § |
| | § |
| Defendant. | § |
| | § |

## COMPLAINT

VANJE WRAY ("Plaintiff"), by and through her attorneys, THE LAW FIRM OF MITCH LUXENBURG, alleges the following against SIRIUS XM RADIO, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of North Carolina and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

PLAINTIFF'S COMPLAINT

## PARTIES

5. Plaintiff is a natural person residing in Gastonia, North Carolina 28052.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 1221 Avenue of the Americas, 36th Floor, New York, New York 10020.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone.

12. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis in attempt to reach Plaintiff's daughter.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic

telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a delay or pause prior to a live representative of Defendant coming on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and let them know that they had the wrong number and requested that they stop calling her.

17. Defendant heard and acknowledged this request to stop calling.

18. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

19. In spite of her repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

20. Plaintiff found Defendant's repeated calls to be harassing, invasive, frustrating, annoying, and upsetting.

21. The foregoing conduct was in violation of the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls to Plaintiff were made without "prior express consent."

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VANJE WRAY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VANJE WRAY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 6, 2019

By: */s/ Mitch Luxenburg*
Mitch Luxenburg, Esq.
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, OH 44122
Phone: (216) 650-1590
Email: mitch@mluxlaw.com

PLAINTIFF'S COMPLAINT